UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SUSAN BUTLER,                          :        16cv1282 (DLC)
                        Plaintiff,     :
                                       :        OPINION & ORDER
             -v-                       :
                                       :
NORMAN ROSS,                           :
                                       :
                        Defendant.     :
                                       :
-------------------------------------- X
APPEARANCES

For plaintiff:

Barry R. Fischer
The Barry Fischer Law Firm L.L.C.
555 Fifth Avenue
Suite 1700
New York, NY 10036

For defendant:

Martin Druyan
Martin Druyan and Associates
450 7th Avenue
New York, NY 10123

DENISE COTE, District Judge:

     Plaintiff Susan Butler seeks an accounting of funds she

entrusted to defendant Norman Ross.  The defendant has filed a

motion to dismiss the complaint.  For the reasons stated below,

the motion is denied.

## BACKGROUND

     The following facts are taken from the complaint.

Plaintiff Butler is a citizen of Australia and Canada and a

resident of Montreal, Canada.  In early 1987, the plaintiff met defendant Ross, a United States citizen and resident of New York.

Beginning in or around 1989, the defendant began managing the plaintiff's financial affairs.  The plaintiff alleges that she was earning "substantial income" and "gradually ceded complete control over her finances to Defendant, who professed to be [an] expert in managing finances and investing."  The defendant persuaded her to execute a power of attorney in his favor so that he could have free reign to manage her finances. She relied on him to manage and invest finances in excess of $1 million.  When the plaintiff would occasionally inquire about her investments, the defendant "assured her that her money was safe, conservatively invested and earning good returns."  More recently, the defendant refused to provide any information in response to the plaintiff's inquiries.

In or about September 2015, the plaintiff served on the defendant a revocation of the power attorney she had given to him.  On or about September 24, the plaintiff made a written demand on the defendant to submit to an investigation and accounting of her financial affairs.  The defendant refused to provide the requested accounting.

The plaintiff filed this lawsuit on February 19, 2016.  The complaint pleads only one count seeking an accounting.  On April

2

12, the defendant filed a motion to dismiss the complaint
pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The motion became
fully submitted on May 12.

### DISCUSSION

In his motion to dismiss, the defendant generally takes
issue with the accuracy of the complaint's description of
events.  It appears that the defendant also asserts both that
the complaint fails to state a claim, and that the complaint
should be dismissed for lack of subject-matter jurisdiction.

### I.   Factual Sufficiency of the Complaint

In considering a motion to dismiss, a court must accept as
true all allegations in the complaint and draw all reasonable
inferences in the plaintiff's favor.  Loginovskaya v.
Batratchenko, 764 F.3d 266, 269-70 (2d Cir. 2014).  "To survive
a motion to dismiss under Rule 12(b)(6), a complaint must allege
sufficient facts which, taken as true, state a plausible claim
for relief."  Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68
(2d Cir. 2014); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
("[A] complaint must contain sufficient factual matter, accepted
as true, to state a claim to relief that is plausible on its
face." (citation omitted)).  A claim has facial plausibility
when "the factual content" of the complaint "allows the court to
draw the reasonable inference that the defendant is liable for

3

the misconduct alleged." Tongue v. Sanofi, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).

New York law appears to govern this dispute since it is alleged that the defendant, a resident of New York, breached his obligations as the plaintiff's fiduciary and has refused to provide her with an accounting. Under New York's interest analysis, "in cases involving conduct-regulating laws," the locus of the tort usually provides the substantive law. Krock v. Lipsay, 97 F.3d 640, 646 (2d Cir. 1996); see also Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372, 399-400 (S.D.N.Y. 2010); Caudle v. Towers, Perrin, Forster & Crosby, Inc., 580 F. Supp. 2d 273, 280 (S.D.N.Y. 2008).

Under New York law, a party seeking an accounting under must establish four conditions:

> (1) relations of a mutual and confidential nature;
> (2) money or property entrusted to the defendant
> imposing upon him a burden of accounting; (3) that
> there is no adequate legal remedy; and (4) in some
> cases, a demand for an accounting and a refusal.

Mega Tech Int'l Corp. v. Miller Elec. MFG. Co., 97cv1085 (DLC), 1997 WL 790750 (S.D.N.Y. Dec. 23, 1997) (citation omitted). Accordingly, the right to an accounting "is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest." Dee v. Rakower, 976 N.Y.S.2d 470, 478 (2d Dep't

2013) (citation omitted).  A fiduciary relationship, "whether
formal or informal, is one founded upon trust or confidence
reposed by one person in the integrity and fidelity of another
[and] might be found to exist, in appropriate circumstances,
between close friends or even where confidence is based upon
prior business dealings." Lawrence v. Kennedy, 944 N.Y.S.2d
577, 580 (1st Dep't 2012) (citation omitted).  A power of
attorney creates a fiduciary relationship between the principal
and her agent.  See, e.g., Matter of Ferrara, 7 N.Y.3d 244, 251-
55 (2006); In re Garson, 793 N.Y.S.2d 397, 397-98 (1st Dep't
2005); In re Roth, 724 N.Y.S.2d 476, 477 (2d Dep't 2001).

        An accounting under New York law is an equitable claim.
When a party bringing an accounting claim primarily seeks
monetary damages, "[t]he accounting is merely a method to
determine the amount of the monetary damages.  The action
therefore sounds in law and not in equity." Arrow Commc'n
Labs., Inc. v. Pico Products, Inc., 632 N.Y.S.2d 903, 905 (4th
Dep't 1995) (citation omitted).

        The statute of limitations in New York for an accounting
claim is six years. Golden Pac. Bancorp v. F.D.I.C., 273 F.3d
509, 518 (2d Cir. 2001); In re Barabash's Estate, 31 N.Y.2d 76,
80 (1972); N.Y. C.P.L.R. § 213.  The limitations period for
claims arising out of a fiduciary relationship does not commence
"until the fiduciary has openly repudiated his or her obligation

or the relationship has been otherwise terminated."  Golden Pac.
Bancorp, 273 F.3d at 518 (citation omitted).

     The plaintiff has adequately plead a claim for an
accounting under New York law.  The complaint pleads the
existence of a confidential or fiduciary relationship.  It
asserts that the plaintiff entrusted the defendant with over $1
million of her personal finances to manage and invest, and
executed a power of attorney naming him as her attorney-in-fact.
The complaint also alleges a breach of that duty by describing
how the defendant failed to provide any information about the
plaintiff's funds.  The plaintiff also sufficiently pleads that
she has "no adequate remedy at law, since she is unaware of the
nature, location and exact amount of her assets" and describes
how her demand for an accounting was refused.

     The motion to dismiss principally argues that the complaint
lacks specificity.  The Rule 8, Fed. R. Civ. P., pleading
standard governs here and there is no obligation for the
plaintiff to include more detailed information in the complaint
than it presently contains.

     The defendant also asserts that it is "illogical" for the
plaintiff to claim an accounting without pleading legal claims
as well.  The defendant implies that the plaintiff has an
adequate remedy at law and therefore has not pleaded an
essential element of her accounting claim.  Yet, obtaining an

accounting is often a critical predicate for asserting legal claims, and the absence of a legal remedy is plausible given the defendant's alleged refusal to provide information to the plaintiff.

The defendant next claims that the plaintiff's accounting claim is barred by the six year statute of limitations.  The complaint asserts that the defendant did not openly repudiate his role as a fiduciary until September 2015, when he refused to provide an accounting to the plaintiff.  Prior to that date, he merely failed to provide information to the plaintiff regarding her funds and acted without her knowledge.  Accordingly, taking the facts alleged as true, the statute did not begin to run until September 2015.

Lastly, the defendant appears to question whether New York law applies to the plaintiff's claims.  He implies that foreign law applies since the events giving rise to the plaintiff's suit occurred in Australia or Canada.  Since the defendant is alleged to have performed, or failed to perform, his fiduciary duties in New York, New York law shall be applied to the accounting claim at this stage of the proceedings.  See Krock, 97 F.3d at 645-46; see also Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 198 (1985) ("[W]hen the conflicting rules involve the appropriate standards of conduct . . . the law of the place of the tort will usually have a predominant, if not exclusive, concern . . . .").

7

## II.  **Jurisdiction**

Although the defendant does not bring a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P., he nonetheless generally suggests that this Court lacks subject matter jurisdiction over the plaintiff's accounting claim.[1] "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).

There is no question that jurisdiction based on diversity of citizenship exists in this case.  The defendant has admitted that he is a United States citizen residing in New York.  The plaintiff is a citizen of Australia and Canada residing in Montreal.  Moreover, the complaint alleges that the defendant managed over $1 million of the plaintiff's finances, which sufficiently satisfies the amount in controversy requirement.

The defendant argues that the complaint does not "plead and prove beyond speculation or truthful good faith the $75,001 Dollar [sic] amount in controversy as required by FRCP."  Absent

---

[1] The defendant also appears to suggest that this Court lacks personal jurisdiction over the defendant.  As a New York resident, the defendant is subject to general jurisdiction in New York.  N.Y. C.P.L.R. § 301.

a showing "to a legal certainty" that the amount in controversy does not meet the jurisdictional threshold, this Court must accept the material allegations of the complaint as true. Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted).

<strong><u>CONCLUSION</u></strong>

Defendant's April 11, 2016 motion to dismiss is denied.

SO ORDERED:

Dated:    New York, New York
          June 14, 2016

_____
          DENISE COTE
United States District Judge