```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SUSAN BUTLER,                            :         16cv1282 (DLC)
                    Plaintiff,           :
                                         :         MEMORANDUM OPINION
          -v-                            :             AND ORDER
                                         :
NORMAN ROSS,                             :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

An October 3, 2017 Opinion ("October 3 Opinion") held that the defendant Norman Ross owes $350,200 plus prejudgment interest to plaintiff Susan Butler. Butler v. Ross, 16cv1282 (DLC), 2017 WL 4417700 (S.D.N.Y. Oct. 3, 2017). On October 4, the defendant filed a letter motion requesting a hearing pursuant to N.Y. Mental Hyg. Law § 81. Briefing on the motion was fully submitted on October 12.

The relevant section of the New York Mental Hygiene Law reads in pertinent part:

> (a) The court may appoint a guardian for a person if the court determines:
>     1. that the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety and/or to manage the property and financial affairs of that person; and
>     2. that the person agrees to the appointment, or that the person is incapacitated as defined in subdivision (b) of this section.

N.Y. Mental Hyg. Law § 81.02 (McKinney 2017).  A court "may appoint a guardian for a person or a person's property upon determining, by clear and convincing evidence, that the requirements of [Section] 81 have been met." Loftman v. Mae R, 999 N.Y.S.2d 166, 167 (N.Y. App. Div. 2014).  The purpose of the law is

> to promote the public welfare by establishing a guardianship system which is appropriate to satisfy either personal or property management needs of an incapacitated person in a manner tailored to the individual needs of that person, which takes in account the personal wishes, preferences and desires of the person, and which affords the person the greatest amount of independence and self-determination and participation in all the decisions affecting such person's life.

N.Y. Mental Hyg. Law § 81.01 (McKinney 2017).  "A guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person." In re Harold W. S., 22 N.Y.S.3d 73, 74 (N.Y. App. Div. 2015).  New York law does not provide that a court should decline to enter judgment or vacate a judgment if a guardian is appointed.

Ross's submissions do not discuss the appointment of a guardian.  Ross's request for a hearing does not appear to refer to a proceeding contemplated by the statute, that is, a proceeding to determine incompetence and the necessity of a

guardian.[1] For instance, Ross makes no effort to follow the clear steps needed to initiate a Section 81 proceeding in his submissions. It is likewise unclear if Ross is alleging incapacity, or if he is agreeing to the appointment of a guardian, or if he understands the purpose of the Mental Hygiene Law.

Ross argues in broad strokes that the Court should look to Section 81 "by analogy" and refuse to enter a judgment against Ross. He argues that the law looks unfavorably upon individuals becoming public charges. Ross argues that he will become a public charge if he is directed to pay the amount owed to Butler. Ross cites a number of statutes and cases from different contexts -- like divorce and immigration -- to support his claim that courts should not enforce judgments against individuals that are unable to pay. This argument is unavailing.

Inability to pay can be a defense to a contempt charge after a judgment has been entered. See, e.g., Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995) ("[A] party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions is a defense to a charge of civil contempt.") But it is not an affirmative

---

[1] The title of the statute is "Proceedings for Appointment of a Guardian for Personal Needs or Property Management."

defense that Ross can rely on to avoid judgment.  Moreover, a simple assertion of the inability to pay is insufficient in New York to avoid payment of a judgment.  A state court hearing will often be held, after judgment has been entered and the defendant has refused to pay, "only when demonstrated factual issues have been shown to exist."  Ovsanikow v. Ovsanikow, 637 N.Y.S.2d 805, 806 (N.Y. App. Div. 1996) (emphasis supplied).

At bottom, this motion is an effort to relitigate issues already decided adversely to Ross.[2]  Section 81 of the New York Mental Hygiene Law provides no avenue to Ross to present such arguments and he has not shown any other basis to revisit the issues resolved in the October 3 Opinion.

---

[2] For example, Ross complains that he was not allowed to offer live testimony at trial.  As stated in the October 3 Opinion, Ross was aware of the Court's trial procedures which include taking direct testimony by affidavit, and did not raise any issue with these procedures prior to trial.  In his pretrial documents Ross submitted an affidavit, which was received as his direct testimony.  The defendant chose not to cross-examine Ross.  Ross also attempts to reargue the issue of laches, which was addressed in the October 3 Opinion.

CONCLUSION

Ross's October 4, 2017 motion pursuant to N.Y. Mental Hyg. Law § 81 is denied.  The Clerk of Court shall enter judgment for plaintiff Butler and close the case.

Dated:    New York, New York
          October 27, 2017

_____
DENISE COTE
United States District Judge