UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
SUSAN BUTLER,                          :         16cv1282 (DLC)
                      Plaintiff,       :
                                       :         MEMORANDUM OPINION
          -v-                          :           AND ORDER
                                       :
NORMAN ROSS,                           :
                                       :
                      Defendant.       :
                                       :
-------------------------------------- X

Appearances:

For the Plaintiff:
Barry R Fisher
The Barry Fischer Law Firm LLC
555 Fifth Avenue
Suite 1700
New York, NY 10036

For the Defendant:
Martin Druyan
Martin Druyan and Associates
405 7th Avenue
New York, NY 10123

Jeremy Gutman
40 Fulton Street, 23rd Floor
New York, NY 10038

DENISE COTE, District Judge:

      On October 27, 2017, judgment in the amount of $599,025.83

was entered in favor of plaintiff Susan Butler.  On November 8,

the defendant Norman Ross filed a motion to stay the execution

of the judgment pending the outcome of an appeal without the

filing of a spersedeas bond.  The motion became fully submitted

on November 22.

Fed. R. Civ. P. 62(d) provides that an appellant is entitled to a stay pending appeal by posting a <u>supersedeas</u> bond. The Second Circuit has held that the

> purpose of the rule is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. A district court therefore may, in its discretion, waive the bond requirement <u>if the appellant provides an acceptable alternative means of securing the judgment</u>.

<u>In re Nassau County Strip Search Cases</u>, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (citation omitted) (emphasis added). A court may consider the following non-exclusive factors in determining whether to waive the <u>supersedeas</u> bond requirement under Rule 62(d):

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

<u>Id.</u> at 417-18 (citation omitted).

Ross suggests an application of the test that generally applies to Fed. R. Civ. P 62(c) in considering his Rule 62(d) motion. That test is well established:

> whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

2

applicant will be irreparably injured absent a stay; (3)
whether issuance of the stay will substantially injure the
other parties interested in the proceeding; and (4) where
the public interest lies.

S.E.C. v. Citigroup Global Markets Inc., 673 F.3d 158, 162 (2d

Cir. 2012) (per curiam) (citation omitted) (mandamus petition).[1]

These factors operate as a "sliding scale" where "[t]he

necessary 'level' or 'degree' of possibility of success will

vary according to the court's assessment of the other stay

factors ... [and] the probability of success that must be

demonstrated is inversely proportional to the amount of

irreparable injury plaintiff will suffer absent the stay."

Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation

omitted).  Rule 62(c), however, applies to motions for stays of

enforcement of injunctions pending appeal:

> While an appeal is pending from an interlocutory order or
> final judgment that grants, dissolves, or denies an
> injunction, the court may suspend, modify, restore, or
> grant an injunction on terms for bond or other terms that
> secure the opposing party's rights.

Fed. R. Civ. P. 62(c) (emphasis added).  Even in those

---

[1] Because Rule 62(c) does not provide the standard for evaluating
this motion, it is unnecessary to address the extent to which
Ross has made a showing of likelihood of success on appeal.  If
it were necessary, this Court would not be able to find that he
had made a strong showing.  For instance, his argument that it
was error to reject his untimely request for further discovery
of the plaintiff to investigate the source of the funds used to
purchase her home in Canada ignores the fact that the defendant
is in the best position to show that he repaid the plaintiff the
hundreds of thousands of dollars she had given to him to invest
for her.  He provided no evidence of a check, a wire transfer,
or any other financial document reflecting such a repayment.

circumstances, a stay constitues an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right." Nken v. Holder, 556 U.S. 418, 427 (2009) (citation omitted).

In Nassau County, the Second Circuit clarified that a motion for a stay of a money judgment is assessed under the announced test for Rule 62(d), which is separate and apart from the test used when assessing a Rule 62(c) motion. 783 F.3d at 418. When listing the factors that a district court may consider when addressing a motion for a stay under Rule 62(d), see supra, the Second Circuit noted that those factors are "in contrast to the traditional stay factors." Id. Accordingly, it is Rule 62(d) and its accompanying test that are applicable here.

Ross also contends that his application should be addressed under the standards that apply to New York judgments. In support he refers to Fed. R. Civ. P. 62(f), which states that

> [if] a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Here, the Court applied New York law to Butler's claims.[2] Rule

---

[2] See Butler v. Ross, 16cv12812 (DLC), 2017 WL 4411770, at *4 (S.D.N.Y. Oct. 3. 2017); Butler v. Ross, 16cv1282 (DLC), 2017 WL 2963497, at *4 (S.D.N.Y July 11, 2017); Butler v. Ross, 16cv1282 (DLC), 2016 WL 3264134, at *2 (S.D.N.Y. June 14, 2016).

62(f) adopts the stay provisions of the forum state only where the underlying judgment is "a lien upon the property of the judgment debtor" in that state (i.e., where there is the functional equivalent of a bond in terms of security).  Under Rule 62(f), then, a lien serves similar purposes as a supersedeas bond, to ensure that the prevailing party can recover in full.  If a debtor can escape posting a bond under Rule 62(f), it is not because he is free from any encumbrance on his property, but because posting a bond would serve redundant purposes to a lien upon the debtor's property.

New York law draws a distinction between judgment creditors' rights in personal property and rights to real property.  See N.Y. C.P.L.R § 5202 (McKinney 2017); N.Y. C.P.L.R § 5203 (McKinney 2017).  A money judgment is not automatically a lien on personal property until the writ of execution is delivered to a sheriff.  N.Y. C.P.L.R § 5202(a) (McKinney 2017). Once the writ is delivered to a sheriff, it acts as a lien on personal property.  Id.  By contrast, once a judgment upon real property has been docketed, all real property in the relevant county is automatically liened for ten years.  N.Y. C.P.L.R § 5203 (subject to various exceptions outlined in N.Y. C.P.L.R §§ 5205-06).  Under New York law, therefore, a money judgment gives rise to, but does not automatically, create a lien.

The distinction in New York Law between judgments

creditors' rights in real property and personal property is
reinforced by the Second Circuit's three-factor approach to
determine whether a judgment debtor can avoid posting a
supersedeas bond.  A judgment debtor must demonstrate not only

> (1) that state law entitles it to appeal without a bond and
> (2) that a judgment can be made a lien against a judgment
> debtor's property under the state's lien law, but also (3)
> that the circumstances are such that the judgment creditor
> can readily establish a lien that will be adequate to
> secure the judgment.

F.D.I.C. v. Ann-High Associates, 39 Fed. R. Serv. 3d 684, 1997
WL 1877195, at *4 (2d Cir. 1997) (per curiam).[3]

Ross cannot meet the Ann-High test.  The judgment entered
upon Ross does not establish a judgment upon real property.
Moreover, Ross has not shown that liens are or can be levied
against his personal property "that will be adequate to secure
the judgment."  In any event, Ross's submissions do not reflect
an understanding that, under Rule 62(f), his property is
nevertheless burdened, just in the form of a lien rather than a
bond.  Generally, the Federal Rules do not allow for a stay of a

---

[3] The Second Circuit's ruling in Ann-High Associates was not
formally published in the Federal Reporter, but it is clear from
the Second Circuit's ruling that it was intended to be a
precedential per curiam opinion rather than a non-precedential
summary order.  It has been cited as good authority by the
Second Circuit in In re Nassau County, 783 F.3d at 417 ("A
district court therefore may, in its discretion, waive the bond
requirement "if the appellant provides an acceptable alternative
means of securing the judgment." (quoting Ann-High, 1997 WL
1877195, at *1)).

money judgment with no kind of burden imposed on the judgment creditor, barring an exception to Rule 62(d) at the district court's discretion.  Rule 62(f) is not a method for the debtor to escape this kind of burden throughout the duration of an appeal.  Therefore, Ross is not entitled to a stay under Rule 62(f).

Nor is Ross entitled to a stay without a supersedeas bond under Rule 62(d), pursuant to the factors listed in Nassau County.  Those factors contemplate waiving the requirement of a supersedeas bond because a court is satisfied that the debtor would be able to pay the judgment with ease.  Ross has not demonstrated that he has the appropriate funds available for the purposes of paying the judgment without delay or difficulty.  Indeed, he pleads a case of impecuniosity.  The fifth Nassau County factor does not envisage waiving the bond requirement because a debtor simply cannot pay.  While the factor considers a debtor's "precarious financial situation," it does so in the context of considering prejudice to other creditors who may have claims to the debtor's property.

There are other, well-established mechanisms by which debtors who assert that they are in serious financial distress can avoid posting a bond.  They include filing a bankruptcy petition, which triggers an automatic stay and enjoins collections and enforcement actions by creditors.  See S.E.C. v.

Brennan, 230 F.3d 65, 70 (2d Cir. 2000) ("Section 362(a) of
Title 11 of the United States Code stays the commencement or
continuation of virtually all proceedings against a debtor,
including enforcement of judgments, that were or could have been
commenced before the debtor filed for bankruptcy.").

In sum, none of the listed Nassau County factors take into
account the consideration of the debtor's financial insecurity
as reason alone to waive the bond.  The Second Circuit has
recognized, however, that the factors are "non-exclusive" that a
district court "may" consider.  Nassau County, 783 F.3d at 417.
It is in the district court's "discretion" whether or not to
waive the requirement of the bond.  Id.  Here, Ross has not
suggested an "acceptable alternative means of securing the
judgment," id., and so an outright denial of Ross's motion is
appropriate.  The parties are due to appear, however, at a
Second Circuit ordered mediation session scheduled for January
3, 2018.  Bearing in mind this scheduled mediation and the
admitted difficulty[4] that Ross would have in securing a bond, the
defendant's motion for a stay without posting a supersedeas bond
will be temporarily granted.

---

[4] The plaintiff, in a letter dated December 4, 2017, concedes
that Ross "is currently without funds to pay for his health
aides."

## CONCLUSION

The defendant's motion of October 27, 2017 is granted in part. The execution of judgment is stayed. The duty to post a <u>supersedeas</u> bond is stayed through January 5, 2018 at noon.


Dated:    New York, New York
          December 7, 2017

                              _____
                                      DENISE COTE
                              United States District Judge